IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES L. GARY,

          Petitioner,

vs.

UNITED STATES OF AMERICA,

          Respondent.

Civil No. 18-CV-2139-NJR

Criminal No. 16-CR-30013-DRH-1

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is Petitioner James Gary's ("Gary") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Doc. 1). For the reasons set forth below, Gary's motion is denied.

### FACTUAL & PROCEDURAL BACKGROUND

On January 21, 2016, Gary was charged by Indictment with one count of Conspiracy to Distribute Methamphetamine and one count of Attempt to Receive Contraband in Prison. *United States v. Gary et al.*, 16-cr-30013-DRH-1 at Doc. 1 (S.D. Ill.). On June 22, 2017, Gary entered a guilty plea solely on the count of Attempt to Receive Contraband. *Id.* at Doc. 69. While his guilty plea was entered without a plea agreement, Gary's plea did include a statement of facts which stipulated that on or about April 9, 2014, Gary's co-Defendant Candace Weakley:

> "hid packets of methamphetamine inside of a newspaper and mailed the newspaper to FCI Greenville in a package addressed to the Defendant's cellmate, intending for the Defendant to receive the methamphetamine. The Defendant

intended to receive the newspaper and then to possess the methamphetamine. The package containing the methamphetamine hidden in the newspaper was intercepted by the staff at FCI Greenville before it reached the Defendant."

*Id.* at Doc. 70.

The initial Presentence Investigation Report ("PSR") was filed on August 28, 2017, and found that Gary's base offense level was 13. The PSR applied USSG § 2P1.2(c)(1), however, which calls for a higher base offense level of 24 for offenses where the object of the offense was distribution of a controlled substance. *Id.* at Doc. 71. In determining that Gary's object of the offense was distribution, the PSR referred to statements by a number of parties, including Gary himself, his mother, and other inmates. *Id.* at 4–6. The PSR additionally adjusted his sentencing range upwards because the distribution occurred in a prison and because it determined that Gary had a supervisory role in the offense, and adjusted the range downward based on Gary's acceptance of responsibility. *Id.* at Doc. 71. Gary objected to the PSR on three points, two of which were later withdrawn and none of which involved his intent to distribute. *Id.* at Docs. 83, 87.

On December 1, 2017, Gary was sentenced to 120 months' imprisonment, 3 years' supervised release, a $500 fine, and a $100 special assessment, based on his base offense level of 24. *Id.* at Docs. 93, 95. Gary did not file a direct appeal, but filed the instant motion on December 3, 2018, in which he appears to seek to collaterally attack his sentence on the following grounds:

(1) Ineffective assistance of counsel based on a failure to object to the application of § 2P1.2(c)(1) for intent to distribute.

(2) Prosecutorial misconduct and/or *Brady* violation.

## LEGAL STANDARD

An action brought under 28 U.S.C. § 2255 represents an attempt to collaterally attack a sentence outside of the traditional avenue of appeal and as such relief under § 2255 "is available only in extraordinary situations," requiring an error of constitutional or jurisdictional magnitude, or other fundamental defect that resulted in a complete miscarriage of justice. *Blake v. United States,* 723 F.3d 870, 878 (7th Cir. 2013); *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004).

Section 2255 cannot be used as a substitute for a direct appeal or to re-litigate issues decided on direct appeal. *Sandoval v. United States,* 574 F.3d 847, 850 (7th Cir. 2009); *White v. United States,* 371 F.3d 900, 902 (7th Cir. 2004). "Any claim that could have been raised originally in the trial court and then on direct appeal that is raised for the first time on collateral review is procedurally defaulted." *Delatorre v. United States*, 847 F.3d 837, 843 (7th Cir. 2017) (citing *Hale v. United States*, 710 F.3d 711, 713–14 (7th Cir. 2013)). "Procedurally defaulted constitutional claims are not considered on collateral review unless the petitioner shows either (1) actual innocence or (2) cause and prejudice." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). "To excuse a procedural default for cause and prejudice, a petitioner must demonstrate both (1) good cause for his failure to raise the defaulted claim before collateral review and (2) actual prejudice stemming from the violations alleged in the defaulted claim." *Id.* (citing *Theodorou v. United States*, 887 F.2d 1336, 1340 (7th Cir. 1989)).

"[A]n evidentiary hearing is not warranted for every § 2255 petition." *Cooper v. United States*, 378 F.3d 638, 641 (7th Cir. 2004) (citing *Key v. United States*, 806 F.2d 133 (7th

Cir. 1986)). "Pursuant to § 2255, the district court has discretion to deny an evidentiary hearing where the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *Id.* at 641-642 (citing *United States v. Kovic*, 830 F. 2d 680 (7th Cir. 1987)).

**ANALYSIS**

Based on its review of the filings, the Court concludes that the issues in this action can be resolved on the existing record, as discussed below. Accordingly, an evidentiary hearing is not warranted here.

I.      **Prosecutorial Misconduct**

While Gary alleges prosecutorial misconduct, making statements about cellmate records and appearing to argue that the prosecutor mislead the court regarding his intent to distribute. Gary has raised these claims for the first time in this collateral attack, and thus they are procedurally defaulted. Gary has not claimed actual innocence, nor has he made any arguments indicating good cause for his failure to raise these complaints at sentencing or upon a direct appeal. Even if he had, there is no indication of prejudice – Gary's own guilty plea and the statements made by him, his mother, and other inmates are sufficiently probative on the relevant points that it is unclear how any cellmate records would have been helpful to Gary's case. Similarly, the prosecutor's statements to the Court merely supplemented the PSR and the Court's own observation of the record in assessing Gary's sentence. Accordingly, this claim is not an appropriate for consideration on collateral review and has no merit even if were not defaulted.

II.   **Ineffective Assistance of Counsel**

Claims of ineffective assistance of trial counsel can generally be raised for the first time via § 2255 motion, as opposed to on direct appeal. Indeed, such claims generally are better suited for collateral review under § 2255, where a fuller record can be developed. *See, e.g.*, *Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Walltower*, 643 F.3d 572, 579 (7th Cir. 2011).

The Sixth Amendment provides that in all criminal prosecutions, "the accused shall enjoy the right … to have the Assistance of Counsel for his defense." The right to assistance of counsel encompasses the right to effective assistance of counsel. *Blake*, 723 F.3d at 879 (citing *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009)).

Under the test established in *Strickland v. Washington*, 466 U.S. 668 (1984), to succeed in showing ineffective assistance of counsel a defendant must prove that (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. 688 at 669. "A court does not have to analyze both prongs of the *Strickland* test" because "[a] defendant's failure to satisfy either prong is fatal to his claim." *Ebbole v. United States*, 8 F. 3d 530, 533 (7th Cir. 1993) (citation omitted).

Gary appears to argue that he received ineffective assistance of counsel based on his counsel's failure to object to the application of the sentencing enhancement for intent to distribute. His counsel did enter a number of objections to the PSR, certain of which were subsequently withdrawn. There is no indication that Gary's counsel's decision to

make certain objections but not object to the distribution enhancement was not a valid strategic decision. Similarly, there is no indication the outcome would have been different had this objection been made — the PSR's application of the distribution enhancement was based on statements made by a number of individuals, including Gary himself, which showed intent to distribute.

Accordingly, As Gary has failed to satisfy the elements of *Strickland*, his ineffective assistance of counsel argument has no merit.

## CONCLUSION

For the reasons set forth above, the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Doc. 1), is **DENIED**. The Clerk of Court shall enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

**DATED:  May 13, 2020**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**